[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant, People's Bank, moves to dismiss the first, second, and third counts of the eleven-count complaint. It contends the four plaintiffs; Arm Development, Ltd., Arm Industries, Ltd., Arm Projects, Ltd., and Arm Equities, Inc.; lack standing to assert the claims alleged in the first three counts. This court denies the motion to dismiss for two reasons. First, the plaintiffs have standing. Second, the defendant did not timely file the motion to dismiss.
The plaintiffs have met the minimum requirements of standing for the purpose of this court's subject matter jurisdiction. "Standing is not a technical rule intended to keep aggrieved parties out of court nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity."Unisys Corporation v. Department of Labor, 220 Conn. 689, 693,600 A.2d 1019 (1991). In the first three counts, the plaintiffs allege they have suffered financial losses by reason of the bank's conduct with respect to a loan transaction. The court has examined the pleadings and documents submitted by the parties. Based upon this review, the court concludes the plaintiffs have demonstrated a colorable claim of injury.
A motion to dismiss which does not attack the subject matter jurisdiction of this court must be filed within thirty days of the defendant's filing of an appearance. See Practice Book § 142. CT Page 11319 People's Bank does not question the power of this court to hear and decide this controversy. Rather, the defendant argues that the plaintiffs are not third-party beneficiaries of the contracts which form the basis of their claims and, therefore, are not the appropriate persons to bring the claims asserted in the first three counts. The plaintiffs' standing is based on common-law principles. In a well reasoned decision, Connecticut AlliedBusiness Legal Rights Association v. Gaitor, 10 Conn. L. Trib. No. 30, p. 12 (1984), Judge Aspell analyzed our Supreme Court opinions on standing and found a distinction between statutory standing and common-law standing and concluded that common-law standing does not attain the level of subject matter jurisdiction.[1] "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it." Monroe v. Monroe, 177 Conn. 173,185 appeal dismissed, cert. denied, 444 U.S. 801 (1979). Since the defendant does not truly contest the subject matter jurisdiction of this court, the defendant should have filed the motion to dismiss within the thirty day limitation period required by Practice Book § 142.
For the foregoing reasons, the defendant's motion to dismiss is denied.
THIM, JUDGE